**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| JUNELLUS WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | 12CV853 |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Junellus Wade brought this action pursuant to 42 U.S.C.

§ 405(g), Section 205(g) of the Social Security Act, to obtain judicial review

of a final decision of the Commissioner of Social Security denying her claim

for a period of disability and disability insurance under Title II and Title XVI

of the Social Security Act. (Doc. #1.)  The administrative record was

certified to the Court for review.[2]  The parties filed cross-motions for

judgment on the pleadings. (Docs. #10, 13.)  For the reasons stated below,

Ms. Wade's Motion for Judgment on the Pleadings is DENIED, and

Defendant's Motion for Judgment on the Pleadings is GRANTED.

---

[1] Acting Commissioner of Social Security Carolyn W. Colvin is substituted
for Michael Astrue, the named Defendant at the time the instant action was
filed. See Fed. R. Civ. P. 52(d).
[2] All references to the administrative record are noted as "A.R."

On August 27, 2009, Ms. Wade filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplement security income, alleging on onset date of February 20, 2009. (A.R. 95-108.)  These claims were denied initially and upon reconsideration (id. at 28-36, 41-49), after which Ms. Wade requested a hearing (id. at 50-57).  On November 30, 2010, Ms. Wade and her attorney appeared before an Administrative Law Judge ("ALJ") who heard testimony from Ms. Wade and a vocation expert ("VE"). (Id. at 17-27.)  In his decision dated December 14, 2010, the ALJ found Ms. Wade not disabled. (Id. at 10-16.)  The ALJ's decision became the Commissioner's final decision for purposes of judicial review when the Appeals Council denied Ms. Wade's requested review. (Id. at 1-6.)

I.

In the instant action, Ms. Wade initially only argued that she was disabled per Grid Rule 202.04. (Doc. #11.)  After Defendant filed her motion arguing that the Grid Rule did not apply because the ALJ found that Ms. Wade's Residual Functional Capacity ("RFC") did not preclude her performing her past relevant work (Doc. #14), Ms. Wade responded by arguing that the VE's testimony concerning Ms. Wade's past relevant work was not supported by substantial evidence (Doc. #15).

2

Federal law authorizes judicial review, albeit "extremely limited" in scope, of the Social Security Commissioner's denial of social security benefits. See 42 U.S.C. § 405(g); Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006); Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "[A] reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "The issue before [the Court], therefore, is not whether [the plaintiff] is disabled, but whether the ALJ's finding that [the plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 586 (4th Cir. 1996). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). This Court does not re-weigh evidence or make credibility determinations. Id. Here, there is substantial evidence to support the ALJ's findings.

A.

The ALJ followed the five-step sequential evaluation process for determining whether or not Ms. Wade was disabled. (A.R. 11-16.)  At steps two and three, the ALJ found Ms. Wade's severe impairments to be neck and lower back pain, but he found that those impairments did not meet or medically equal a listed impairment. (Id. at 12.)  He then considered her impairments and other record evidence and determined her RFC to be "the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)." (Id. at 13-15.)  Ms. Wade does not challenge any of these findings.

At step four, the ALJ determined that Ms. Wade had the RFC to perform the requirements of her past relevant work and, thus, was not disabled. (Id. at 16.)  To determine if her RFC precluded her from doing her past relevant work, the ALJ heard testimony from Ms. Wade and a VE, who was present for Ms. Wade's testimony. (Id. at 19-27.)  Ms. Wade testified that her most recent job, which she held for fourteen years before she was laid off, was with Person Industries. (Id. at 20, 21.)  She described her job as a "workshop," where she did "[w]hatever they had that needed to be done," "production anything," such as doing "soles for M Plus . . . where

4

you had your soles, your left, your right . . . [and] package it, pair them up and package them." (Id. at 20, 25.)  She worked on a "job for Eaton, like for the bows that goes on the ties . . . [and] had to be heat sealed." (Id. at 26.) She worked on "a mailing job like for certificates for the school" where she would "take those and their names and put them with their certificate and put them in a envelope." (Id.)  "[T]he guys [did] the lifting," and she "had a sit down job, mostly." (Id. at 20, 21.)

After Ms. Wade testified, the ALJ asked the VE, whom Ms. Wade's attorney stipulated was an expert in her field, to "describe the claimant's work history." (Id. at 26.)  The VE said that "the best match for that work at Person Industries is Small Parts Assembler 2.  DOT number is 739.687-030, unskilled, SVP 2, light, according to the DOT [Dictionary of Occupational Titles], but based on my knowledge of that industry and testimony, it appears that it was performed at medium." (Id.)  Ms. Wade's counsel had no questions for the VE. (Id. at 27.)  Nevertheless, Ms. Wade now challenges the VE's testimony.

### B.

Ms. Wade "had to show an inability to return to her previous work (i.e., occupation), and not simply to her specific job." DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983).  Defendant "may rely on the general job

5

categories of the Dictionary as presumptively applicable to a claimant's prior work." Id.  However, Ms. Wade could have overcome this presumption "by demonstrating that her duties were not those envisaged by the framers of the . . . category." Id.  She has not done so.  Despite Ms. Wade's counsel's illustrative analogy[3] and unequivocal argument that "[t]here was no evidence to support [the VE's] testimony" (Doc. #15 at 2), substantial evidence does support the ALJ's crediting the VE's testimony.

The DOT's description of Small Parts Assembler II is:

> Performs any combination of following duties to assemble parts of various materials, such as plastic, wood, metal, rubber, or paperboard, to produce small products, such as roller skates, toys, shoe lasts, musical instrument parts, or loudspeakers: Positions parts in specific relationship to each other, using hand, tweezers, or tongs.  Bolts, screws, clips, cements, or otherwise fastens parts together by hand, using handtools, portable powered tools, or bench machines.  Performs fastening, force fitting, or light cutting operations, using machines such as arbor presses, punch presses, taps, spot-welding or riveters.

DOT 739.687-030, 1991 WL 680180.  Similarly, Ms. Wade testified that her job was like a workshop where they produced a variety of things.  She matched shoe soles for packaging and names to certificates for placement in envelopes.  She heat sealed bows to ties.  In her Disability Report, she

---

[3] See Doc. #15 at 2 ("In fact, this is one of those rare cases where, as the saying goes, the fact-finding smells like a 'five-week-old, unrefrigerated dead fish.'").

6

described her job as making "sure the production got out good," among other things. (A.R. 130.)  As the VE testified, Small Parts Assembler II was the "best match" to Ms. Wade's testimony about her past relevant work.

Furthermore, not only did Ms. Wade not rebut the presumption that the general job category from the DOT applies to her past relevant work, but she has also not met the burden to prove that she cannot perform her past relevant work.  She has not identified what part of her past relevant work, either as it is generally performed[4] or as she actually performed it, is precluded as a result of her RFC.

### III.

Ms. Wade also argues that she meets all of the requirements under Medical-Vocational ("Grid") Rule 202.04.  However, the Grid only applies when "the individual's impairment(s) prevents the performance of his or her vocationally relevant past work." 20 C.F.R. § 404, Subpart P, App. 2, § 200.00(a). See also Farrow v. Colvin, No. 6:13-cv-22797, 2014 WL 4639889, *10 (4th Cir. Sept. 16, 2014) (finding no error in failing to apply the Grid when the ALJ found at step four that the claimant was capable of performing her past relevant work and was, therefore, not required to

---

[4] The ALJ found that Ms. Wade could perform her past relevant work as it is generally performed. (A.R. 16.)

7

continue to step five). Likewise, if a claimant has "the residual functional capacity to do [her] past relevant work," she will be found not disabled. Id. § 404.1560(b)(3).  Therefore, her "vocational factors of age, education, and work experience or whether [her] past relevant work exists in significant numbers in the national economy" "will not [be] consider[ed]." Id.  Because substantial evidence supports the ALJ's finding that Ms. Wade's RFC does not preclude her from doing her past relevant work as it is generally performed and, therefore, that she is not disabled, the ALJ did not err by failing to apply the Grid.

IV.

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment on the Pleadings (Doc. #10) be DENIED and Defendant's Motion for Judgment on the Pleadings (Doc. #13) be GRANTED.

This the 15th day of September, 2015.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge